UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

KADEIDRA DAWSON on behalf of herself and
all other similarly situated consumers

       Plaintiff,

  -against-

LAURA J. LOWENSTEIN & ASSOCIATES, LLC
AND CAPITAL RESOURCE MANAGEMENT, INC.

       Defendants.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Kadeidra Dawson, brings this action against Laura J. Lowenstein & Associates, LLC and Capital Resource Management, Inc. ("CRM") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant Laura J. Lowenstein & Associates, LLC's principal place of business is located in Merrick, New York.

5. Upon information and belief, Defendant Capital Resource Management, Inc.'s principal place of business is also located in Merrick, New York.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Kadeidra Dawson

10. CRM hired The Law Firm of Laura J. Lowenstein & Associates, LLC as legal counsel, and to collect the debt on its behalf.

11. CRM uses the instrumentality of interstate commerce as well as the mails in its business which the principal purpose of which is the collection of debts.

12. CRM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. The principal purpose of CRM's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

14. CRM purchased the Plaintiff's defaulted debt, placed it with Laura J. Lowenstein & Associates, and sought to collect on it.

15. Laura Lowenstein & Associates then obtained a monetary judment against the Plaintiff

16. CRM uses the mail in purchasing defaulted consumer debts, usually at a significant discount to their face value, and then seeks to collect on such debts.

17. CRM directed, controlled and instructed Laura J. Lowenstein & Associates to use the mailing of collection letters when communicating with the Plaintiff.[1]

18. Upon information and belief, on a date better known by the Defendants, the Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

19. On or about May 17, 2016, Defendants sent the Plaintiff a collection letter.

20. The said letter was an effort to collect on a defaulted consumer debt.

21. The said May 17, 2016 letter was Defendants' initial communication with the Plaintiff.

22. Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, it must provide consumers with several pieces of information – the amount of the debt, the 30-day validation notice and "(2) the name of the creditor to whom the debt is owed", see, 15 U.S.C. § 1692g(a).

23. It is not enough to provide the information required by § 1692g of the FDCPA; rather, that information must be effectively conveyed.[2]

24. The said letter identified the "CREDITOR" as "Greater New York Endoscopy Surgical Center."

25. Yet in the second paragraph, the letter states, "Brooklyn Endoscopy SC, LLC requires full and final payment of this account."

26. Defendants' letter failed to state the name of the current creditor effectively because the

---

[1] Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016) ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

[2] Datiz v. Int'l Recovery Assocs., No. 15-CV-3549 (ADS)(AKT), 2016 U.S. Dist. LEXIS 102695, at *14-33 (E.D.N.Y. Aug. 4, 2016) (The Court is not convinced that the least sophisticated consumer would be able to deduce from the caption, "Re: John T. Mather Hospital," that John T. Mather Hospital is the current creditor to whom the Plaintiff's debt is owed for purposes of Section 1692g(a)(2), particularly given the fact that the Letter does not specify the Defendant's relationship to John T. Mather Hospital.); McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.); Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003); Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998); McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b).; Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing *Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)*.

-3-

letter states that Greater New York Endoscopy Surgical Center is the creditor, however, it then went on to reference Brooklyn Endoscopy SC, LLC. [3]

27. The Defendants failed to give any explanation of what, if any, the relationship is between Greater New York Endoscopy Surgical Center and Brooklyn Endoscopy SC, LLC; a consumer would be confused as to whom the debt is owed.

28. Defendants failed to state effectively "the name of the creditor to whom the debt is owed". Therefore, Defendants' form collection letter violates § 1692g(2) of the FDCPA.

29. An unsophisticated consumer is left confused as to who the creditor is in this case.[4]

30. The Defendants' letter provided no explanation as to the relationship between the creditor and Brooklyn Endoscopy SC, LLC or why or how the two entities were involved with the debt.

31. An unsophisticated consumer is left to worry about being defrauded or paying the incorrect creditor and continuing to have an outstanding debt.

32. An unsophisticated consumer might further conclude that his or her debt is now owed to two separate companies.[5]

---

[3] Janetos v. Fulton, Friedman & Gullace, LLP, 2015 U.S. Dist. LEXIS 48774 (N.D. Ill., Apr. 13, 2015) (Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" [creditor] did not establish compliance with § 1692g(a)(2). The Act required [Defendant's] letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it.)

[4] Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here 7 after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."); Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012); Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

[5] Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015) ([The court] agree[s] with [the Plaintiff] that the identification of LVNV as the "Current Creditor" in the letter's heading and the identification of Resurgent Capital as the "Client...[who] is willing to accept payment" in the letter's body, absent any explanation of the two companies' relationship, may violate the FDCPA's "implied duty to avoid confusing the unsophisticated consumer.); Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012) ("Defendants' arguments have no merit. The confusion alleged here is not the ingenious invention of an attorney, nor is it a bizarre interpretation of the dunning letter Walls received. Defendants assert repeatedly that the letter is not confusing because it accurately specifies that LVNV is the "current owner of the debt." First, LVNV is not so identified. The letter refers to LVNV simply as "Current Owner." Current owner of what? A significant number of unsophisticated debtors might reasonably ask themselves. Second, defendants ignore the plain language of the statute, which requires that the "creditor to whom the debt is owed" be identified, not the "current owner of the debt." This statutory language makes sense because an unsophisticated consumer likely does not ask himself, "Who owns the debt?" or think

33. An unsophisticated consumer would likely be deceived by Defendants' conduct.

34. Said May 17, 2016 letter is deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

35. Said letter is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2).

36. Said May 17, 2016 letter further stated as follows:

"Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid. If you notify this office within the thirty (30) day period that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor."

37. Said language is in violation of 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5) because the letter failed to advise the debtor that to be entitled to a verification of the debt, the request had to be in <u>writing</u>.[6]

---

about debt in terms of "ownership." Rather, he wants to know who is owed the money. In addition, the letter's designation of the "original creditor" can be viewed as making the letter even more confusing in light of the fact that no phrase like "current creditor" is used. We reject defendants' contention in their reply brief that what plaintiff is complaining of is "immaterial" information. The statute expressly requires identification of the creditor to whom the debt is owed; when that information is presented in an arguably confusing manner, it could influence the consumer's decision."); <u>Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013)</u> ("Defendants' motion must be denied because it is not apparent from a reading of the letter that not even a significant fraction of the population would be misled by it. Naming an entity as "Client" and a different entity as "Current Creditor" especially where the "Client" is named more often than the "Current Creditor" plausibly could create confusion and it is only plausibility that must be shown to withstand a 12(b)(6) motion."); <u>Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013)</u> ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here was not immaterial as a matter of law. The entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit.")

[6] <u>Macy et al v. GC Services Limited Partnership, 2016 U.S. Dist. LEXIS 134421 (W.D. KY 2016)</u> ([T]he Court finds Plaintiffs' complaint to be sufficient . . . Here, [plaintiffs] allege that GC Services violated subsections (a)(4) and (5) by sending them notices that failed to mention the in-writing requirement. As a result of this omission, they claim, the least sophisticated debtor might make an oral request instead, thereby waiving the protections of subsection (b). The complaint thus adequately alleges injury in fact, and plaintiffs have standing to pursue their claims.); <u>Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1082 (9th Cir. 2005)</u> (The court held that the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing. "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) **only through written dispute."** Id. (emphasis added).); See also, <u>Bicking v. Law Offices of Rubenstein & Cogan, 783 F. Supp. 2d 841, 2011 U.S. Dist. LEXIS 48623 (E.D. Va. 2011)</u> (Defendants' failure to include the "in writing" requirement could easily deceive the least sophisticated debtor into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his or her rights under subsections (a)(4) and (5) of Section 1692g. The court also held that the alleged violations of Sections 1692g(a)(4) and (5) therefore also state a claim under § 1692e(10).); <u>Welker v.</u>

-5-

38. Validation of debts [15 U.S.C. 1692g] states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; (emphasis added)

39. The said May 17, 2016 letter further overshadowed the Plaintiff's right to dispute the debt, violating sections 1692e, 1692e(10), 1692g(a) and 1692g(a)(4) of the FDCPA.

40. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

---

Law Office of Daniel J. Horwitz, 699 F. Supp. 2d 1164 (S.D. Cal. 2010) (Defendant violated § 1692g(a)(4) and (5) because his dunning letter failed to advise the debtor that to be entitled to a verification of the debt or to obtain the name and address of the original creditor under the request had to be in writing.); Beasley v. Sessoms & Rogers, P.A., No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, at *18-19 (E.D.N.C. Mar. 1, 2010) (Omission of the requirement that the consumer request verification in writing violated § 1692g(a). The court rejected defendants' argument that the validation notice ''clearly implies receiving written notification'' and found that the notice violated § 1692g(a)(4).); Nero v. Law Office of Streeter, P.L.L.C., 655 F. Supp. 2d 200, 206 (E.D. N.Y. 2009) ("[T]he validation notice clearly omitted an important term--that the consumer must inform the debt collector in writing to be entitled to verification of the debt [pursuant to sub-section (a)(4)]."); Hernandez v. Guglielmo, 977 F. Supp. 2d 1054 - Dist. Court, D. Nevada 2013 ("(T)he court disagrees that the consumer protection goals were met by defendant because every consumer who disputed the letter, either verbally or in writing, even if outside of the 30-day period, was provided with the verification as required by the Act. The consumer protection goals of effective conveyance of the consumer's rights under the Act, and the assignment of lesser rights to those who orally dispute a debt, whether or not verification is ultimately given, demands highly technical compliance with the "in writing" notification, as opposed to highly technical noncompliance."); Grant-Fletcher V. McMullen & Drury, Pa, Dist. Court, D. Maryland 2013 ("[T]he Letter would confuse the least sophisticated consumer about whether he or she acquired the statutory protections of § 1692g by disputing the debt"); Osborn v. Ekpsz, LLC, 821 F. Supp. 2d 859, 870, 2011 U.S. Dist. LEXIS 109385 (S.D. Tex. 2011) ("But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. …Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing."); Carroll v. United Compucred Collections, Inc., No. 1-99-0152, 2002 U.S. Dist. LEXIS 25032, 2002 WL 31936511, at *8-9 (M.D. Tenn. Nov. 15, 2002) (The court held that the debt collector's demand letter contradicted and overshadowed the FDCPA's 30 day validation notice provision in violation of 15 U.S.C. § 1692g(a), that the debt collector failed to inform the debtors that a request of verification must be in writing in violation of 15 U.S.C. § 1692g(a)(4), The court held that the debtors sufficiently established the prerequisites for class certification under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).); Yrok Gee Au Chan v. North Am. Collectors, Inc., No. C 06-0016 JL, 2006 U.S. Dist. LEXIS 13353, 2006 WL 778642, at *6 (N.D. Cal. Mar. 24, 2006) (Finding a violation of the FDCPA where the validation notice "fail[ed] to inform the consumer that he must dispute the debt in writing to preserve his right [under sub-section (a)(4)]" (emphasis in original.)); McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003) ("[B]y omitting the words 'in writing,' *Crawford* did not effectively convey to the consumer his rights under [sub-section (a)(4) of] the FDCPA and thus violated the Act." (citation omitted)); Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F. Supp. 2d 336, 340 (E.D. N.Y. 2002) ("Without a statement that [the requests under sub-sections (a)(4) and (a)(5)] must be in writing, the least sophisticated consumer is not simply uncertain of her rights under the statute, she is completely unaware of them." (internal citation omitted.)); Ehrich v. I.C. Sys., 2010 U.S. Dist. LEXIS 4367 *18-19 (E.D.N.Y. Jan. 20, 2010) (Oral requests by consumers do not protect their rights under the FDCPA.); DeCapri v. Law Offices of Shaprio Brown & Alt, LLP, Civil Action No. 3: 14cv201-HEH (E.D. Va. Sept. 19, 2014) (As far as this Court can tell, those courts that have confronted the issue have held that a debt collector's failure to include the "in writing" requirement violates subsection (a)(4) of section 1692g.); Spira v. Consiglio, Parisi & Allen, 2001 U.S. Dist. LEXIS 24497, *8-9 (E.D.N.Y. Jan. 3, 2001) (Collection letter violated FDCPA by omitting a statement that consumer notify the collector in writing in order to have verification of debt the court stated additionally "[The debt collector] argues that making this suggestion and providing this information does not create uncertainty regarding the consumer's rights under the FDCPA, but rather demonstrates its intent to provide the consumer with an additional and, perhaps, more accessible option for resolving this dispute. The court sympathizes with [The debt collectors] argument and, moreover, assumes for these purposes that its intentions were laudable. The FDCPA, however, is a strict liability statute, and a violation can occur regardless of a collector's best intentions.")

41. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

42. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

43. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

44. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

45. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendants' collection efforts.

46. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

47. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

48. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

49. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. The identities of all class members are readily ascertainable from the records of the Defendants and those business and governmental entities on whose behalf it attempts to collect debts.

51. Excluded from the Plaintiff's Class is the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

52. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

53. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

54. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

55. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for the Defendants who, on information and belief, collect debts throughout the United States of America.

56. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

57. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. Further, the Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

59. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.

60. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty nine (59) herein with the same force and effect is if the same were set forth at length herein.

61. This cause of action is brought on behalf of Plaintiff and the members of two classes.

62. The first class consists of all persons whom Defendants' records reflect resided in the State of New York; and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 17, 2016; and (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

63. The second class consists of all persons whom Defendants' records reflect resided in the State of New York; and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 17, 2016; and (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g, 1692g(a) and 1692g(a)(4).

**Violations of the Fair Debt Collection Practices Act**

64. The Defendants' actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

65. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       February 27, 2017

                        /s/ Maxim Maximov
                       Maxim Maximov, Esq.
                       Attorneys for the Plaintiff
                       Maxim Maximov, LLP
                       1701 Avenue P
                       Brooklyn, New York 11229
                       Office: (718) 395-3459
                       Facsimile: (718) 408-9570
                       E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                        /s/ Maxim Maximov
                       Maxim Maximov, Esq.